1

2

3

4

5

6

7

8

9                         UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   DeCHERI HAFER,                          Case No.  1:22-cv-00808-SKO

13                  Plaintiff,               FIRST SCREENING ORDER

14         v.                                ORDER FOR PLAINTIFF TO:

15   FARMERS INSURANCE AGENCY,               (1) FILE A FIRST AMENDED COMPLAINT;

16                  Defendant.               (2) NOTIFY THE COURT THAT SHE
                                                 WISHES TO STAND ON HER
17                                               COMPLAINT; OR

18                                           (3) FILE A NOTICE OF VOLUNTARY
                                                 DISMISSAL
19
                                             (Doc. 1)
20
                                             THIRTY-DAY DEADLINE
21

22

23          Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action.  Plaintiff

24   filed her complaint in the United States District Court for the Central District of California June 21,

25   2022.  (Doc. 1).  The case was transferred, *sua sponte*, to this Court on June 30, 2022.  (*See* Doc.

26   8.)  Upon review, the Court concludes that the complaint fails to state any cognizable claims.

27          Plaintiff has the following options as to how to proceed.  Plaintiff may file an amended

28   complaint, which the Court will screen in due course.  Alternatively, Plaintiff may file a statement

                                               1

with the Court stating that she wants to stand on this complaint and have it reviewed by the presiding district judge, in which case the Court will issue findings and recommendations to the district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I.    SCREENING REQUIREMENT

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *See also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim).  If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  .  A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the*

1   *Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

2        In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept

3   as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94

4   (2007). Although a court must accept as true all factual allegations contained in a complaint, a

5   court need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "[A] complaint

6   [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the

7   line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S.

8   at 557).

9                      **II.    SUMMARY OF PLAINTIFF'S COMPLAINT**

10        Plaintiff prepared her complaint on a form titled "Complaint for a Civil Case Alleging

11   Breach of Contract (28 U.S.C. § 1332; Diversity of Citizenship)." (Doc. 1.) She provides an

12   address in Bakersfield, California, and names as the sole defendant Farmers Insurance Agency

13   ("Defendant"), allegedly incorporated in the State of New York, with a principal place of business

14   in New York, New York. (*Id*. at 1, 3.)

15        Plaintiff alleges Defendant insured the driver of a car that crashed into Plaintiff's car in

16   2016, resulting in civil case filed in the Kern County Superior Court. (Doc. 1 at 6.) Plaintiff alleges

17   that certain attorneys from "Ford, Walker, Behar, and Haggerty" committed "acts of fraud and

18   perjury" on behalf of Defendant that "prevented Plaintiff from winning" the Kern County state

19   court case. (*Id*. at 7–8.) As a result, Plaintiff seeks $2 billion. (*Id*. at 8.)

20                                **III.    DISCUSSION**

21        For the reasons discussed below, the Court finds that the complaint does not state any

22   cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to her

23   claims and will be granted an opportunity to file an amended complaint to correct the identified

24   deficiencies.

25   **A.    Diversity Jurisdiction**

26        Plaintiff alleges that this Court has subject matter jurisdiction based on diversity of

27   citizenship. (Doc. 1 at 3.) Pursuant to 28 U.S.C. § 1332(a), federal district courts have original

28   jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum

1  or value of $75,000" and where the matter is between "citizens of different States." In other words,

2  the plaintiff and the defendants must be citizens of different states to satisfy the complete diversity

3  requirement of section 1332. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no plaintiff can be a citizen

4  of the same state as any of the defendants); *Cook v. AVI Casino Enterprises, Inc*., 548 F.3d 718,

5  722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity

6  jurisdiction requires "complete diversity of citizenship")).

7      Here, Plaintiff alleges that she is a citizen of California, and that Defendant is a citizen of

8  New York, establishing diversity of the parties. Plaintiff also alleges that the amount in controversy

9  for this action is $2 billion dollars. This amount, however, appears to be wholly unsubstantiated.

10  Plaintiff's claims appear to be based on Defendant's improper conduct stemming from Plaintiff's

11  car accident with Defendant's insured, yet Plaintiff does not allege any specific damages (e.g., costs

12  of auto repair, medical expenses, etc.). Thus, it is not clear to the Court how Plaintiff arrived at the

13  alleged amount in controversy. Moreover, the complaint lacks any information as to the insurance

14  policy limits of Defendant's insured, which likely is a relevant factor in determining the total

15  damages or amount in controversy.

16      "The amount in controversy alleged by the proponent of federal jurisdiction—typically the

17  plaintiff in the substantive dispute—controls so long as the claim is made in good faith."

18  *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir.

19  2010). Here, it is not clear that Plaintiff's $2 billion dollar claim was made in good faith. Should

20  Plaintiff elect to file an amended complaint, she must substantiate her alleged $2 billion amount in

21  controversy by submitting declarations and other evidence specifying the nature and amount of

22  Plaintiff's damages and by providing declaration evidence regarding the subject insurance policy's

23  limits.

24  **B.    Rule 8**

25      Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain "a short

26  and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P.

27  8(a)(2). Here, Plaintiff's complaint violates Rule 8 because it does not contain a short and plain

28  statement of the claim demonstrating that she is entitled to relief.

Although the Federal Rules use a flexible pleading policy, Plaintiff is required to give fair notice to the defendants of the basis of the claim and must allege facts that support the elements of the claim plainly and succinctly.  A complaint must contain sufficient factual allegations to give the defendant fair notice of the claim and the grounds upon which it rests.  *Twombly*, 550 U.S. at 555.

Here, there are no factual allegations in the complaint that identify the basis of the claim. The complaint alleges in a vague and conclusory manner that Defendant engaged in "acts of fraud and perjury," is "committing willful intentional malicious fraud," and "prevented Plaintiff from winning" her Kern County state court case.  (Doc. 1 at 8.)  It is not clear, however, what conduct by Defendant establishes her claim.

Plaintiff must set forth factual allegations against Defendant sufficient to state a claim.  If Plaintiff elects to amend her complaint, she must separate each claim, state the legal basis for the claim, and identify how the facts alleged support and show that the defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).  The failure to do so shall result in dismissal of this action.

**C.    Legal Standards**

In the event Plaintiff amends her complaint, the Court provides the following legal standards that may be relevant to her action:

1.    Breach of Contract

Plaintiff's complaint is titled "Complaint for a Civil Case Alleging Breach of Contract," but no contract is alleged.  In California, a cause of action for breach of contract has four elements: (1) allegations that a contract exists between the parties; (2) that plaintiff has performed all the contractual duties or was excused from nonperformance, (3) that defendant has breached the contractual duties, and (4) that plaintiff's damages were a result of the breach.  *Reichert v. Gen. Ins. Co.*, 68 Cal.2d 822, 830 (1968).

2.    Fraud

Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages."  *Vess*

*v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).

Rule 9(b) of the Federal Rules of Civil Procedure requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that [they] can defend against the charge and not just deny that she has done anything wrong.'" *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). *see also United States ex rel. Cafasso, v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 (9th Cir. 2011) ("[A] pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.' ") (alterations in original). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *Vess*, 317 F.3d at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir. 1994), superseded by statute on other grounds).

Here, Plaintiff alleges that Defendant engaged in "fraud," but does not set forth any specific facts about any misrepresentation made by Defendant. She also does not plead that Defendant knew any misrepresentation was false at the time it was allegedly made and intended to deceive Plaintiff. Thus, Plaintiff has failed to allege a cognizable fraud claim in accordance with Rule 9(b) and California law. *See In re GlenFed, Inc. Sec. Litig*., 42 F.3d at 1547 n.7 (Pursuant to Rule 9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading.); *Vess,* 317 F.3d at 1105.

       3.    <u>Rooker-Feldman</u>

The Court notes that the *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over suits "[b]rought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting

1 district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006)

2 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  The doctrine

3 also applies to a claim that is a de facto appeal from a state court judgment.  *Noel v. Hall*, 341 F.3d

4 1148, 1155 (9th Cir. 2003).   A federal action constitutes a *de facto* appeal where claims raised in

5 the federal court are "inextricably intertwined" with a state court judgment.  *Reusser v. Wachovia*

6 *Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).  An issue is inextricably intertwined with a state

7 court judgment if the federal claim can succeed only to the extent that the state court wrongly

8 decided the issues before it, or if the relief requested would effectively reverse or void the state

9 court decision.  *Fontana Empire Cir., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002)

10 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) and *Charchenko v. City of Stillwater*,

11 47 F.3d 981, 983 (8th Cir. 1995)).

12   An exception to the *Rooker-Feldman* doctrine exists when a state court judgment is based

13 on extrinsic fraud.  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("It has long

14 been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained

15 through extrinsic fraud.").  Extrinsic fraud is "conduct which prevents a party from presenting his

16 claim in court."  *Id.* at 1140.  This exception, however, does not apply when a plaintiff alleges

17 intrinsic fraud.  *Dixon v. State Bar of Cal.*, 32 F. App'x 355, 356–57 (9th Cir. 2002).  Intrinsic fraud

18 is fraud that "goes to the very heart of the issues contested in the state court action."  *Id.* at 357

19 (quoting *Green v. Ancora-Citronelle*, 577 F.2d 1380, 1384 (9th Cir. 1978)).  For example, the Ninth

20 Circuit has found that "allegations of discriminatory prosecution, the use of fabricated evidence,

21 and the wrongful exclusion of supposedly exculpatory evidence" described intrinsic, not extrinsic,

22 fraud.  *Dixon*, 32 F. App'x at 357; *see also Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)

23 (holding that allegations of perjury, are, at best, intrinsic fraud).

24   Here, Plaintiff has provided only limited information regarding the Kern County state court

25 complaint and any resulting judgment, and it is unclear whether Plaintiff is seeking to challenge

26 that judgment or whether she is alleging a claim of extrinsic (as opposed to intrinsic) fraud.  Further,

27 although, as detailed above, Plaintiff fails to state a claim for fraud, the Court will allow Plaintiff

28 leave to amend to make clear her allegations.  Therefore, the Court cannot determine at this time to

1    what extent, if at all, the *Rooker-Feldman* doctrine applies to Plaintiff's claims.

2    **D.      Leave to Amend**

3           The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

4    claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

5    leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with time

6    to file an amended complaint, so Plaintiff can provide additional factual allegations.  *Lopez v. Smith*,

7    203 F.3d 1122, 1126-30 (9th Cir. 2000).

8           Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff files

9    an amended complaint, she should plead additional facts that address Rule 9(b)'s heightened

10   pleading standard insofar as any fraud-based claims are concerned. Plaintiff is cautioned that an

11   amended complaint supersedes all prior complaints filed in an action, *Lacey v. Maricopa Cty.*, 693

12   F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete in itself without reference to the prior or

13   superseded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original

14   complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  The

15   amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the

16   appropriate case number, and be an original signed under penalty of perjury.  Plaintiff should note

17   that although she has been given the opportunity to amend, it is not for the purpose of changing the

18   nature of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)

19   (no "buckshot" complaints).

20          Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint if she

21   can substantiate the amount in controversy for purposes of subject matter jurisdiction and she

22   believes that additional true factual allegations would state cognizable claims.  If Plaintiff files an

23   amended complaint, the Court will screen that complaint in due course.  Alternatively, Plaintiff

24   may choose to stand on her complaint subject to the Court issuing findings and recommendations

25   to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary

26   dismissal.

27

28

8

1

### IV.     ORDER

2      Based on the foregoing, IT IS ORDERED that:

3      1.      Within thirty (30) days from the date of service of this order, Plaintiff shall either:

4               a.   File a First Amended Complaint;

5               b.   Notify the Court in writing that she wants to stand on this complaint; or

6               c.   File a notice of voluntary dismissal.

7      2.      If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended

8              complaint "First Amended Complaint" and refer to case number 1:22-cv-00808-

9              SKO; and

10     3.      Failure to comply with this order may result in the dismissal of this action.

11

IT IS SO ORDERED.

12

13   Dated:   __**August 10, 2022**__                            ____/s/ *Sheila K. Oberto*____

14                                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28