# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE AGENCY,<br><br>　　　　　Defendant.<br>_____/ | Case No. 1:22-cv-00808-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**<br><br>(Doc. 11)<br><br>**THIRTY DAY DEADLINE** |

  Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed her complaint in the United States District Court for the Central District of California June 21, 2022. (Doc. 1). The case was transferred, *sua sponte*, to this Court on June 30, 2022. (*See* Doc. 8.) On August 10, 2022, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days. (Doc. 11.) To date, Plaintiff has not filed an amended complaint, responded to the order, or requested an extension of time in which to do so.

  The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110.

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within thirty (30) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute this case.** Alternatively, within that same time period, Plaintiff may file an amended complaint or a notice of voluntary dismissal. The Court further CAUTIONS Plaintiff that, if they fail to take action within thirty (30) days of the date of service of this order, the Court will recommend to an assigned district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at their address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:   **September 29, 2022**              /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE