# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE AGENCY,<br><br>　　　　Defendant. | Case No. 1:22-cv-00808-SKO<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING MOTIONS, AND DIRECTING CLERK TO ASSIGN A DISTRICT JUDGE**<br><br>**(Docs. 3, 12, 13, 14, 16, & 17)**<br><br>**Clerk to Assign District Judge** |

## I.　　BACKGROUND

Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed her complaint in the United States District Court for the Central District of California June 21, 2022. (Doc. 1). The case was transferred, *sua sponte*, to this Court on June 30, 2022. (*See* Doc. 8.)

On August 10, 2022, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days. (Doc. 11.) Plaintiff did not file an amended complaint, respond to the order, or request an extension of time in which to do so by the expiration of the deadline.

On September 29, 2022, the Court issued an Order to Show Cause ("OSC") "why a recommendation should not issue for this action to be dismissed for Plaintiff's failure to comply with the Court's screening order by not filing an amended complaint within the specified period of time and for failure to state a cognizable claim. (Doc. 12.) The OSC advised Plaintiff that she could alternatively "file an amended complaint or a notice of voluntary dismissal" within that same time period, and cautioned Plaintiff that failure to respond to the OSC within thirty days of the date of

1  service of the OSC, would result in a recommendation to a district court judge that this action be
2  dismissed, in its entirety.  (*Id.* at 2.)

3       On November 16, 2022, Plaintiff filed an amended complaint.  (Doc. 15.)  Plaintiff also filed
4  two motions: an "Ex Parte Notice of Motion for Fee Waiver" (Docs. 14 & 15) and an "Ex Parte
5  Motion to Vacate on the Date All Judgments Were Made by All Magistrates and Ex-Parte Motion
6  for Speedy Trail [sic]" (Docs. 16 & 17).  The former requests the Court "waive all court fees,"
7  permit her to "e-file all documents through Pacer," and order the U.S. Marshals to serve the
8  defendant. (Docs. 14 & 15.)  The latter requests the Court "vacate all judgments by all magistrates"
9  and order that summons be issued and the defendant served.  (Docs. 16 & 17.)

10                 **II.       DISCUSSION**

11    In light of the filing of the amended complaint, the Court will discharge the OSC (Doc. 12).
12 As Plaintiff has already been granted *in forma pauperis* status (*see* Doc. 10), her request for a waiver
13 of fees (Doc. 14 & 15) will be DENIED AS MOOT.

14    Regarding the status of the amended complaint, Plaintiff is again advised that pursuant to 28
15 U.S.C. § 1915(e)(2), the Court must conduct an initial review of every pro se complaint proceeding
16 *in forma pauperis* to determine whether it is legally sufficient under the applicable pleading
17 standards.  The Court must dismiss a complaint, or portion thereof, if the Court determines that the
18 complaint is legally frivolous or malicious, fails to state a claim upon which relief may be granted,
19 or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).
20 If the Court determines that the complaint fails to state a claim, leave to amend may be granted to
21 the extent that the deficiencies in the complaint can be cured by amendment.  Plaintiff's amended
22 complaint will be screened in due course.[1]  Only if appropriate ***after the case has been screened***,
23 will the Clerk of Court provide Plaintiff with the requisite forms and instructions to request the
24 assistance of the United States Marshal in serving the defendant pursuant to Federal Rule of Civil
25 Procedure 4.  Accordingly, Plaintiff's request for an order directing the issuance of a summons and
26 service by the U.S. Marshals of the amended complaint (Docs. 14, 15, 16, & 17) will be DENIED

---

[1] Such screening is conducted by the Magistrate Judge, who submits proposed findings and recommendations to the assigned District Judge.  *See* 28 U.S.C. § 636(b)(1)(B) and (C); E.D. Cal. L.R. 304.  Any party may file objections to the proposed findings and recommendations within the time prescribed by the Court.  *See* E.D. Cal. L.R. 304.

WITHOUT PREJUDICE, as it is premature.

As to Plaintiff's request to file documents electronically through the Court's case management/electronic case filing ("CM/ECF") system (Docs. 14 & 15): Pursuant to the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), a pro se party shall file and serve paper documents as required by the Rule. E.D. Cal. L.R. 133(a). A party appearing pro se may request an exception to the paper filing requirement from the court by filing a stipulation of the parties or by motion. E.D. Cal. L.R. 133(b)(2), (3). Upon review of the pleadings in this action and the instant motion, in which Plaintiff provides no reasons for the need to use electronic filing, the Court finds that this action does not warrant an exception to the Local Rules. Plaintiff's request for permission to file through CM/ECF (Docs. 14 & 15) will be DENIED.

Finally, Plaintiff's request that the Court "vacate all judgments" entered by "all magistrates" (Docs. 16 & 17) will be DENIED AS MOOT, as there have been no judgments entered in this case. However, in light of Doc. 3, filed in the transferor court, the Clerk of Court will be DIRECTED to assign a District Judge to this case.

## I. ORDER

In view of the foregoing, it is HEREBY ORDERED that:

1. The OSC entered September 29, 2022 (Doc. 12) is DISCHARGED. Plaintiff's amended complaint will be screened in due course pursuant to 28 U.S.C. § 1915(e)(2);

2. Plaintiff's "Ex Parte Notice of Motion for Fee Waiver" (Docs. 14 & 15) is DENIED AS MOOT to the extent it seeks a waiver of fees; is DENIED WITHOUT PREJUDICE to the extent it seeks an order directing the issuance of a summons and service by the U.S. Marshals of the amended complaint; and is DENIED to the extent it seeks permission to file documents electronically through the Court's case management/electronic case filing ("CM/ECF") system;

3. Plaintiff's "Ex Parte Motion to Vacate on the Date All Judgments Were Made by All Magistrates and Ex-Parte Motion for Speedy Trail [sic]" (Docs. 16 & 17) is DENIED AS MOOT to the extent it requests that the Court "vacate all judgments" entered by

"all magistrates," and is DENIED WITHOUT PREJUDICE to the extent it seeks an order directing the issuance of a summons and service by the U.S. Marshals of the amended complaint; and

4. The Clerk of Court is DIRECTED to assign a District Judge to this case.

IT IS SO ORDERED.

Dated:  **November 22, 2022**                    /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE