1
2
3
4
5
6
7
8

9              UNITED STATES DISTRICT COURT

10          FOR THE EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DeCHERI HAFER, | Case No.  1:22-cv-00808-AWI-SKO |
| 13  Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION |
| 14  v. | (Docs. 11 & 15) |
| 15  FARMERS INSURANCE AGENCY, | 21-DAY DEADLINE |
| 16  Defendant. | |

17

18              **I.        INTRODUCTION**

19          Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action.  Plaintiff

20    filed her complaint in the United States District Court for the Central District of California June 21,

21    2022.  (Doc. 1).  The case was transferred, *sua sponte*, to this Court on June 30, 2022.  (*See* Doc.

22    8.)

23          On June 8, 2022, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)

24    and found that it failed to state any cognizable claims over which this Court would have subject

25    matter jurisdiction.  (Doc. 11.)  Specifically, the undersigned found that, although Plaintiff brought

26    this action based on diversity jurisdiction, Plaintiff's alleged $2 billion amount in controversy was

27    "wholly unsubstantiated" because Plaintiff's "claims appear to be based on Defendant's improper

28    conduct stemming from Plaintiff's car accident with Defendant's insured, yet Plaintiff does not

allege any specific damages (e.g., costs of auto repair, medical expenses, etc.)." (*Id*. at 4.) Plaintiff was granted thirty days in which to file an amended complaint and to "substantiate her alleged $2 billion amount in controversy by submitting declarations and other evidence specifying the nature and amount of Plaintiff's damages and by providing declaration evidence regarding the subject insurance policy's limits." (*Id*.)

On November 16, 2022, Plaintiff filed an amended complaint. (*See* Doc. 15.) The amended complaint does not attach any declarations or other evidence substantiating her $2 billion claim, as the undersigned directed. Instead, it appears to contain the same general information and allegations as that in the original complaint, particularly with respect to the amount in controversy. In the amended complaint, Plaintiff again makes the conclusory assertion that the amount in controversy is $2 billion in damages as a result of Defendant's improper conduct stemming from Plaintiff's car accident with Defendant's insured. (*See id*. at 4, 6–7, 9.)

## II.    DISCUSSION

Generally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Chouduri v. Wells Fargo Bank, N.A*., No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288–89 (1938)). Making a claim in "good faith" means a plaintiff's "estimations of the amounts recoverable must be realistic" and objective, not based on "fanciful, pie-in-the-sky, or simply wishful amounts." *Id*. A district court has an "independent obligation to examine its jurisdiction where doubts arise," and "would be remiss in its obligations if it accepted every claim of damages at face value . . . ." *Surber v. Reliance Nat. Indem. Co*., 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (internal quotation marks omitted). Even liberally construing a complaint, as a court must when a plaintiff is proceeding pro se, "the [c]ourt must still have some allegations from which it 'may infer a good faith basis for recovery of damages in such an amount.'" *Singman v. Amazon.com, In*c., No. CV 19-10882-AB (Ex), 2020 WL 4873569, at *4 (C.D. Cal. May 27, 2020) (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd*., 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)).

Here, Plaintiff's amended complaint includes only a bare figure, with no facts supporting the sought-after amount as realistic or recoverable. Such "bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement." *Brown v. Bury*, No. 1:11-cv-01520-LJO-MJS, 2012 WL 112645, at *3 (E.D. Cal. Jan. 12, 2012); *see also Choudhuri*, 2016 WL 3212454, at *3 ("[Plaintiff's] bald assertion that the amount in controversy 'is approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold.").

## III. FINDINGS AND RECOMMENDATION

The undersigned finds that Plaintiff's $2 billion amount in controversy alleged in the amended complaint is wholly unsubstantiated. Accordingly, the undersigned HEREBY RECOMMENDS this case be dismissed, without leave to amend, for lack of subject matter jurisdiction.[1]

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 8, 2022__          _____*/s/ Sheila K. Oberto*_____
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Once the court has already granted a plaintiff leave to amend a complaint, as here, the court's discretion in determining whether to allow additional opportunities to amend is particularly broad. *Sateriale v. R.J. Reynolds Tobacco Co*., 697 F.3d 777, 794 (9th Cir. 2012) (quoting *Miller v. Yokohama Tire Corp*., 358 F.3d 616,622 (9th Cir. 2004)); *Chodos v. West Publishing Co*., 292 F.3d 992, 1003 (9th Cir. 2002). Further amendment is not appropriate in this case, as Plaintiff has twice demonstrated that she is unable to marshal facts sufficient to substantiate her $2 billion amount in controversy. The granting of further leave to amend would therefore be futile. *See California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility.").