# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FARMERS INSURANCE AGENCY,<br><br>　　　　　　Defendant. | CASE NO. 1:22-cv-00808-AWI-SKO<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION AND DENYING MOTION FOR DEFAULT AND DEFAULT JUDGMENT**<br><br>**(Doc. Nos. 23 & 24)** |

Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action. Plaintiff filed her complaint in the United States District Court for the Central District of California June 21, 2022. (Doc. No. 1). The case was transferred, *sua sponte*, to this Court on June 30, 2022. (*See* Doc. No. 8.)

On June 8, 2022, the assigned magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state any cognizable claims over which this Court would have subject matter jurisdiction. (Doc. No. 11.) Specifically, the magistrate judge found that, although Plaintiff brought this action based on diversity jurisdiction, Plaintiff's alleged $2 billion amount in controversy was "wholly unsubstantiated" because Plaintiff's "claims appear to be based on Defendant's improper conduct stemming from Plaintiff's car accident with Defendant's insured, yet Plaintiff does not allege any specific damages (e.g., costs of auto repair, medical expenses, etc.)." (*Id*. at 4.) Plaintiff was granted thirty days in which to file an amended complaint and to "substantiate her alleged $2 billion amount in controversy by submitting declarations and other evidence specifying the nature and amount of Plaintiff's damages and by providing declaration evidence regarding the subject insurance policy's limits." (*Id*.)

On November 16, 2022, Plaintiff filed an amended complaint. (*See* Doc. No. 15.) The assigned magistrate judge screened the amended complaint and found that it is not accompanied by

any declarations or other evidence substantiating her $2 billion claim, as directed. Instead, it appears to contain the same general information and allegations as that in the original complaint, particularly with respect to the amount in controversy. In the amended complaint, Plaintiff again makes the conclusory assertion that the amount in controversy is $2 billion in damages as a result of Defendant's improper conduct stemming from Plaintiff's car accident with Defendant's insured. (*See id*. at 4, 6–7, 9.)

On December 9, 2022, the assigned magistrate judge found that Plaintiff's $2 billion amount in controversy alleged in the amended complaint is wholly unsubstantiated and recommended the case be dismissed, without leave to amend, for lack of subject matter jurisdiction. (Doc. No. 23.) Plaintiff was granted twenty-one (21) days in which to file objections to the findings and recommendation. (*Id.* at 3.) No objections have been filed. Instead, Plaintiff filed a "Notice of Motion for Default and Default Judgment" on December 30, 2022. (Doc. No. 24.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and proper analysis.

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendation dated December 9, 2022 (Doc. No. 23), are ADOPTED IN FULL;
2. This action is DISMISSED without prejudice for lack of subject matter jurisdiction;
3. Because the Court lacks jurisdiction, Plaintiff's "Motion for Default and Default Judgment" (Doc. No. 24) is DENIED without prejudice; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   January 11, 2023                         _____
                                                   SENIOR DISTRICT JUDGE