UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeCHERI HAFER,<br><br>        Plaintiff,<br><br>    v.<br><br>FARMERS INSURANCE AGENCY,<br><br>        Defendant. | Case No.  1:22-cv-00808-KES-SKO<br><br>FINDINGS AND RECOMMENDATION TO DENY AMENDED MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. 31)<br><br>21-DAY DEADLINE |

I.        BACKGROUND

Plaintiff DeCheri Hafer is proceeding pro se and *in forma pauperis* in this action.  Plaintiff filed her complaint in the United States District Court for the Central District of California June 21, 2022. (Doc. 1).  The case was transferred, *sua sponte*, to this Court on June 30, 2022.  (*See* Doc. 8.)

On June 8, 2022, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that it failed to state any cognizable claims over which this Court would have subject matter jurisdiction. (Doc. 11.)  The undersigned found that, although Plaintiff brought this action based on diversity jurisdiction, Plaintiff's alleged $2 billion amount in controversy was "wholly

1

unsubstantiated" because Plaintiff's "claims appear to be based on Defendant's improper conduct stemming from Plaintiff's car accident with Defendant's insured, yet Plaintiff does not allege any specific damages (e.g., costs of auto repair, medical expenses, etc.)." (*Id*. at 4.)  Plaintiff was granted thirty days in which to file an amended complaint and to "substantiate her alleged $2 billion amount in controversy by submitting declarations and other evidence specifying the nature and amount of Plaintiff's damages and by providing declaration evidence regarding the subject insurance policy's limits." (*Id*.)

On November 16, 2022, Plaintiff filed an amended complaint, again alleging that the amount in controversy is $2 billion as a result of Defendant's improper conduct stemming from Plaintiff's car accident with Defendant's insured.  (*See* Coc. 15 at 4, 6–7, 9.)  The undersigned screened the amended complaint on December 9, 2022, and found that it was not accompanied by any declarations or other evidence substantiating her $2 billion claim, as directed.  (Doc. 23.)  Instead, it appeared to contain the same general information and allegations as that in the original complaint, particularly with respect to the amount in controversy.  (*Id*. at 2.)  The undersigned concluded that Plaintiff's $2 billion amount in controversy alleged in the amended complaint was wholly unsubstantiated and recommended the case be dismissed, without leave to amend, for lack of subject matter jurisdiction.  (*Id*. at 2–3.)  Plaintiff was granted twenty-one days to file objections to the findings and recommendation.  (*Id*. at 3.)  No objections were filed.  Instead, Plaintiff filed a "Notice of Motion for Default and Default Judgment" on December 30, 2022.  (Doc. 24.)

The assigned district judge adopted in full the findings and recommendation and dismissed the action without prejudice for lack of subject matter jurisdiction on January 11, 2023.  (Doc. 26.)  The district judge also denied Plaintiff's "Notice of Motion for Default and Default Judgment" without prejudice.  (*Id*.)

## II.        DISCUSSION

Over three years after the dismissal of this action without prejudice for lack of subject matter jurisdiction, Plaintiff moves for default judgment.  (Doc. 31.)  Plaintiff has also filed a motion to

set aside the undersigned's findings and recommendations and the district judge's adoption thereof, which is pending before the assigned district judge.[1]  (Doc. 29.)

Before determining whether default judgment should be entered, "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999); *see also Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1116 (9th Cir. 2004) (noting federal courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). "To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, *i.e*., the jurisdiction, to enter the judgment in the first place." *In re Tuli*, 172 F.3d at 712.

As set forth above, this Court has determined that it lacks subject matter jurisdiction over this action.  (Doc. 26.)  This determination has not been set aside, as Plaintiff's motion remains pending.  Without subject matter jurisdiction, any default judgment entered by the Court would be void. *See In re Tuli*, 172 F.3d at 712.

### III.        FINDINGS AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that Plaintiff's motion for default judgment, (Doc. 31), be denied without prejudice for lack of subject matter jurisdiction.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days after being served with these Findings and Recommendation**, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 13, 2026**                              /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned expresses no opinion on the merits of that motion.

3