**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DECHERI HAFER, | Case No. 1:22-cv-0808 KES SKO |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 60(B) AND TERMINATING PENDING MATTERS AS MOOT |
| v. | |
| FARMERS INSURANCE AGENCY | Docs. 28, 29, 30, 31, 38 |
| Defendants. | |

DeCheri Hafer proceeded pro se in this action, in which she stated several claims against Farmers Insurance Agency.  The Court found it lacked jurisdiction over the claims and entered judgment on January 11, 2023.  Docs. 23, 26, 27.  Plaintiff now seeks relief—including a reopening the action—under Rule 60(b)(4) of the Federal Rules of Civil Procedure.  Docs. 28, 29.  For the reasons set forth below, Plaintiff's motion for relief under Rule 60(b) is DENIED.

**I.     PROCEDURAL HISTORY**

On June 21, 2022, Plaintiff initiated this action in the Central District of California by filing a complaint against Farmers Insurance, alleging perjury, fraud, insurance fraud, and breach of contract.  Doc. 1-1 at 1; Doc. 1 at 6-9.  On June 30, 2022, the Central District found venue was not proper in that district and transferred the matter to this Court.  Doc. 8.  Upon receipt of the action, the assigned magistrate judge screened the complaint and issued a screening order, finding Plaintiff failed to state a cognizable claim and granting leave to amend.  Doc. 11.

1

Plaintiff filed her first amended complaint ("FAC") on November 16, 2022. Doc. 15. On the face of the FAC, Plaintiff indicated: "DECHARI HAFER, OBJECTS TO ALL MAGISTRATE JUDGES." *Id.* at 1 (emphasis in original). While the FAC was pending screening, the defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 21.

The magistrate judge found the amount in controversy alleged was "wholly unsubstantiated," and Plaintiff failed to invoke this Court's jurisdiction. Doc. 23 at 3; *see also id.* at 2-3. The magistrate judge recommended the Court dismiss the action for lack of jurisdiction on December 9, 2022. *Id.* at 3. Plaintiff did not file objections. Instead, Plaintiff filed a motion for entry of default against the defendant. Doc. 24.

On January 11, 2023, the Court performed a de novo review and adopted the findings and recommendations. Doc. 26 at 1-2. The Court dismissed the action without prejudice for lack of jurisdiction and denied the motion to enter default. *Id.* at 2. The Clerk of Court entered judgment and closed the case on the same date. Doc. 27.

On February 9, 2026, Plaintiff filed a "motion to set aside the Court order on 12/8/22 and on 1/11/2022" as well as an amended order addressing the same. Docs. 28, 29. The same date, Plaintiff filed motions seeking default judgment. Docs. 30, 31. The magistrate judge issued findings and recommendations to deny default judgment on March 13, 2026. Doc. 28.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court, and permits a district court to relieve a party from a final order or judgment "for the following reasons:"

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an

2

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

## III.    DISCUSSION AND ANALYSIS

Plaintiff contends that relief under Rule 60(b)(4) is necessary for three primary reasons. *See generally* Docs. 28, 29.  First, Plaintiff argues that the magistrate judge lacked any jurisdiction to take any action on this matter because Plaintiff declined consent to magistrate judge jurisdiction.  *See, e.g.,* Doc. 28 at 7-10, 15, 18, 19, 24-25, 47; Doc. 29 at 2, 7-10, 15, 24, 39. Second, Plaintiff contends the Court exhibited bias towards her as an "African American Black Pro-Per Plaintiff" and showed favor to "the white defendant."  Doc. 28 at 2, 33; Doc. 29 at 2, 31; *see also* Doc. 28 at 5, 12- 13, 18, 19.  Third, Plaintiff contends the Court denied her right to come to court by having a "closed trial" and holding hearings that were "closed to the public … unrecorded, and untranscribed, and made without a record."  Doc. 28 at 7; *see also id.* at 8, 11-12, 17, 20; Doc. 29 at 4, 7-8, 11-12, 17-19.

### A.    Jurisdiction of the magistrate judge

Plaintiff's consent was not required for the magistrate judge to take certain actions in this case.  A magistrate judge is vested with the authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, …[and] to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. 636(b)(1).  Even with excepted and dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge without the parties' consent.  28 U.S.C. 636(b)(1)(B).

The magistrate judge did not issue any dispositional order, or act beyond the scope of her authority under Section 636(b)(1).  The magistrate judge was statutorily authorized to issue

3

findings and recommendations related to the Court's jurisdiction, even where Plaintiff objected to the assignment of any magistrate judge and declined consent. *See* 28 U.S.C. 636(b)(1)(B); *see also Gallegos v. Cal. Dep't of Corr. & Rehab.*, 2023 WL 3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and recommendations ...."). Plaintiff's arguments related to the authority of the magistrate judge are without merit.

**B.      Assertons of bias**

Plaintiff fails to identify any evidence to support her suggestions that the Court was biased and prejudiced. To establish bias by the Court, a party must identify "an extrajudicial source." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). Put another way, "conduct or rulings made during the course of the proceeding" alone will not support an assertion of bias. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 553, (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source"). As Plaintiff only expresses disagreement with the Court's rulings, she fails to support her assertions of bias.

**C.      Taking matters under submission**

Plaintiff argues that the Court held a trial that was closed to the public, without notice to Plaintiff, and deprived her of any record or transcript. These assertions are contradicted by the record, as the Court did not hold any trial in this action. The Court also has the authority to take matters under submission without oral argument. *See* Local Rule 230(g); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("It is well established that district courts have inherent power to control their dockets…"). Doing so did not deprive Plaintiff of due process. *Sovereign Gen. Ins. Servs., Inc. v. Nat'l Casualty Co.*, 359 F. App'x 705, 707 (9th Cir. 2009) ("it is well settled that there is no constitutional due process right to oral argument"). Plaintiff also had an opportunity to file objections to the findings and recommendations regarding the lack of jurisdiction, and she elected not to do so.

**D.      Relief under Rule 60(b)(4)**

Relief under Rule 60(b)(4) is appropriate where a "judgment is void," and motion under

4

this provision must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). For the reasons set forth above, Plaintiff fails to show the judgment was void. Plaintiff also does not show that the request to set aside the judgment—filed more than three years after the Court entered judgment—was filed within a reasonable time. *See Hammer v. Drago*, 940 F.2d 524, 527 (9th Cir. 1991) (holding that a two-year delay in objecting to a judgment was not "within a reasonable time"). Thus, the motions are untimely and should be denied on this basis alone.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court ORDERS:

1.   Plaintiff's motions to set aside judgment and for relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure (Docs. 28, 29) are DENIED.

2.   Plaintiff's motions for default judgment (Docs. 30, 21) are terminated as MOOT.

3.   The findings and recommendations dated March 16, 2026 (Doc. 38) are terminated as MOOT.

4.   This action SHALL remain closed.

**No further filings will be accepted in this closed case.**

IT IS SO ORDERED.

Dated:   __June 29, 2026__

_____
UNITED STATES DISTRICT JUDGE